IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CATHERINE D. RANDOLPH | * |
|     Petitioner, | |
| v. | * CIVIL ACTION NO. JFM-11-688 |
| SUPERINTENDENT | * |
|     Respondent. | |
| | *** |

MEMORANDUM

This action, construed as a petition for writ of habeas corpus, challenges petitioner's continuing detention at the Clifton T. Perkins State Hospital Center ("Perkins"). The matter has been briefed and for reasons to follow shall be dismissed without prejudice.

The following facts have been established. On January 17, 2006, plaintiff was charged in the Circuit Court for Baltimore City with armed robbery, robbery, kidnapping a minor, assault, theft, and handgun violations. ECF No. 6 at Exs. 1-3. On March 17, 2008, Judge Gale E. Rasin ordered a pre-trial competency evaluation. On June 2, 2008, petitioner was admitted to Perkins for a competency evaluation. *Id.*, Ex. 4. Petitioner, however, refused to respond to questions regarding her hospitalization or legal charges, instead claiming, as she does here, that she was falsely accused and did not commit any criminal acts. On July 24, 2008, the Perkins Clinical Director and Director of Pre-Trial Services wrote Judge Rasin that plaintiff was incompetent to stand trial, a danger to herself and others due to a mental disorder, and in need of continuing inpatient treatment. On July 25, 2008, the Circuit Court for Baltimore City found plaintiff incompetent to stand trial and dangerous because of her mental disorder. She was committed to the Department of Health and Mental Hygiene ("DHMH").

On January 22, 2009, Perkins forwarded to the Circuit Court for Baltimore City the semi-annual report required by Md. Code Ann., Crim. Proc. § 3-108, finding that petitioner remained incompetent to stand trial and dangerous because of her mental disorder. On June 24, 2009, Perkins forwarded to Judge Raisin at the Circuit Court the semi-annual report. ECF No. 6 at Ex. 5. The report found that petitioner remained incompetent to stand trial and dangerous because of her mental disorder. *Id.* at Ex. 6.

On July 28, 2009, the Circuit Court for Baltimore City held the annual hearing required by Md. Code Ann., Crim. Proc. § 3-106(c)(l)(i). *Id.* at Exs. 2 & 3. On December 18, 2009, Perkins forwarded its semi-annual evaluation of petitioner to the Circuit Court for Baltimore City and offered its opinion that she remained incompetent to stand trial and dangerous due to a mental disorder.[1] *Id*. at Exs. 7 & 8. On June 10, 2010, Perkins submitted to Judge Raisin its semi-annual evaluation of petitioner and once again opined that she remained incompetent to stand trial and was dangerous due to a mental disorder. *Id*. at Exs. 9 & 10.

On July 28, 2010, the Circuit Court held the required annual hearing and again committed petitioner to the DHMH. *Id*. at Exs. 2, 3 & 11. On December 7, 2010, Perkins forwarded its semi-annual evaluation of petitioner to the Circuit Court and found that petitioner remained incompetent to stand trial and was dangerous due to a mental disorder. *Id*. at Exs. 12 & 13. Petitioner is scheduled to receive her next annual hearing on July 28, 2011. *Id*. at Ex. 11.

Maryland law authorizes the confinement of criminal defendants found incompetent to stand trial and dangerous to self or others because of a mental disorder. Petitioner had been provided the semi-annual evaluations and annual hearing and sets forth no reason, other than her dispute with the

---

[1] The report noted that petitioner does not believe she is medically ill and therefore does not required medications. She has been diagnosed with a delusional disorder, unspecified type. ECF No. 6 at Exs. 8 & 13.

2

DHMH and the state court's conclusions about her competency, justifying her release from confinement.

Further, before petitioner seeks federal habeas corpus relief, she must exhaust each and every claim presented to the federal court by first pursuing remedies available in the state court. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-90 (1973). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *See O'Sullivan v. Boerckel*, 526 U. S. 838, 845-47 (1999). It affords the state courts the first opportunity to review federal constitutional challenges and preserves their role in protecting federally guaranteed rights.

Respondents claim, and it is not sufficiently refuted,[2] that although petitioner is permitted by Maryland law to appeal an incompetency finding, she has never appealed the aforementioned Circuit Court determinations finding her incompetent and committing her to the DHMH. They consequently argue that the petition is subject to dismissal for non-exhaustion. The court concurs. The petition shall be dismissed without prejudice for non-exhaustion. A separate Order follows.

Date:  May 25, 2011               /s/
                                  J. Frederick Motz
                                  United States District Judge

---

[2] Petitioner has filed a number of letters with the court. She raises various claims, chief amongst them being that she is an innocent female victim; the Circuit Court has never taken her plea into consideration; and she is a victim of identity theft. Petitioner questions the meaning of incompetency and questions her involuntary confinement, complaining that she is being held "hostage." ECF Nos. 3, 4, 5 & 7. In her most recent responses, she claims that citing to the *Braden* opinion is misleading as it is outdated under Maryland law because Md. Code Ann., Health-Gen Art. § 10-804(a) "states [that] any court can grant my freedom at any time since my original commitment process was done incorrectly." ECF No. 8 & 9.